**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| ZAIRE HITIMANA KIHUTU, also known as Laris Kihutu Mpagazihe, | Civ. No. 17-4928 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| WINONA STATE UNIVERSITY and METROPOLITAN STATE UNIVERSITY, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

---

Plaintiff Zaire Hitimana Kihutu alleges that Defendants Winona State University and Metropolitan State University discriminated against him on the basis of his race. Kihutu did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of that IFP application, this Court concludes that Kihutu qualifies financially for IFP status. But an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited

to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, Kihutu alleges two grounds for the Court's original subject-matter jurisdiction over this matter — jurisdiction based upon the parties' diversity of citizenship, *see* 28 U.S.C. § 1332(a), and jurisdiction based upon the presence of a federal question, *see* 28 U.S.C. § 1331. With respect to diversity jurisdiction, however, Kihutu has failed to allege his own state or country of citizenship. Without allegations regarding Kihutu's citizenship, this Court cannot assume that jurisdiction based upon diversity of citizenship exists in this matter.[1]

---

[1] Both Defendants are alleged to be citizens of Minnesota. (*See* Doc. No. 1, Compl. at 3.) Although Kihutu's state of *citizenship* has not been alleged, he lists his state of *residence* in his IFP application as Minnesota. (*See* Doc. No. 2 at 5.) If Kihutu is also a
(Footnote Continued on Next Page)

Thus, the Court has jurisdiction over this matter only to the extent that a question of federal law is raised by the Complaint. Kihutu does not expressly invoke any federal statute or cause of action. That said, Kihutu is not represented by counsel, and his Complaint is therefore entitled to a liberal interpretation. This Court will examine the factual allegations in the Complaint in order to determine whether a plausible federal claim has been raised by Kihutu.

Kihutu alleges that he transferred from an unnamed school to Winona State University in 2011. (*See* Doc. No. 1, Compl. ¶ 8.) While at Winona State, Kihutu "faced many difficulties," including "being passed around" by professors and given insufficient financial aid to complete his degree. (*Id.*) Winona State also made an error on Kihutu's transcript, recording that Kihutu had failed classes that his brother, not he, had taken. (*Id.*) The error was corrected by the university. (*Id.*)

According to his Complaint, in 2014, Kihutu transferred from Winona State to Defendant Metropolitan State University. (*See* Compl. ¶ 9.) There, Kihutu alleges he was falsely accused of plagiarism, failed from two classes, and denied graduation by the school. (*Id.*) Kihutu transferred back to Winona State, which refused to allow him to graduate with a bachelor's degree despite Kihutu having accumulated enough class credits to receive such a degree. (*Id.* ¶ 10.) Kihutu therefore elected to receive an associate's degree instead of a bachelor's degree. (*Id.*) But Kihuntu claims Winona State

---

(Footnote Continued from Previous Page)
citizen of Minnesota—as appears likely—he will be unable to amend his Complaint to add truthful allegations establishing diversity of citizenship.

3

refused to put the name on the diploma that Kihutu requested and mailed the diploma to the wrong address. (*Id.*)

The overriding theme of Kihutu's pleading is that he believes these academic problems stem from racial or nationality discrimination. But apart from conclusory allegations to the effect that discrimination explains the events at issue, Kihutu pleads no basis from which a reasonable factfinder could conclude that Defendants' actions, including transcript mistakes or failure to send a diploma to the correct address, were motivated by race or another improper consideration. Other, more substantive grievances raised by Kihutu—such as that Metropolitan State falsely accused him of plagiarism—are cursorily pleaded, with few factual allegations provided. For example, it is impossible to tell from the Complaint *why* Kihutu was alleged to have committed plagiarism, or why Kihutu believes this allegation to have been false. And nothing in Kihutu's Complaint lends itself to a plausible inference that a discriminatory motive lay behind any of the incidents at issue.

The only federal-law basis for this lawsuit apparent from the Complaint is Kihutu's claim of discrimination. Because that claim has been inadequately pleaded, it is recommended that this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  This matter be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  Plaintiff Zaire Hitimana Kihutu's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.


Dated: December 13, 2017          *s/ Becky R. Thorson*
                                  BECKY R. THORSON
                                  United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).